[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife (d.o.b. 11/4/57) whose birth name is Agnew and whose prior married name was Beaumont, and the defendant husband (d.o.b. 7/30/47) married on January 23, 1999 in Greenwich, Connecticut. Both parties satisfy the residence required for jurisdiction for they had both resided continuously in this state for more than one year immediately preceding the commencement of this action for dissolution which was CT Page 7634 served on defendant on July 12, 1999.
Both parties had been previously married. The plaintiff has been caring for four minor children of her previous marriage that was dissolved in March, 1994. The prior dissolution decree awarded her the marital home known as 4 Bennett Street, Old Greenwich, Connecticut, which she has continued to occupy, and five years of periodic alimony in addition to child support. At time of trial the plaintiff listed total assets of $3,802,553 and liabilities totaling $3149.
The defendant has three children two of whom are still minors. They are with their father frequently.
The parties began dating in May 1998 and by August 1998 began discussing the possibility of marriage. At this time the defendant was living in and working from a condominium unit located in Stamford, Connecticut. Prior to the marriage the parties met for lunch at which time the defendant wanted to make sure that the plaintiff understood his situation in that he did not have a lot of assets but did have "great cash flow." He has been in commodities trades throughout his career. After the marriage the defendant moved to the plaintiff's home. The defendant committed to paying all the expenses of the household which he did while they lived together. The plaintiff's residence had no mortgage encumbering it at the time of the parties marriage. The defendant never asked for money from the plaintiff before or during the marriage. An addition to plaintiff's home to redo the front porch roof line, add a room and bath was planned. The defendant shopped and obtained a mortgage from Greenwich Bank and Trust in the form of a home equity line of credit which closed on April 16, 1999.
The marriage was strained almost from its inception by the parties' attempt to mesh the parties' children so the defendant's children would be integrated into the family during their stays with their father. Shortly after the marriage the plaintiff suggested that the defendant utilize his condo unit when he had his children with him. In April 1999 the defendant took the plaintiff, three of her children and his three children on a cruise that he paid for. The final separation occurred immediately thereafter when the defendant moved to his condo unit. The defendant paid $1000 monthly to the mortgagee through May 2000.
The parties have different versions concerning the remodeling work done to plaintiff's home. The court finds that the defendant vacated before the bulk of the work performed. There is no evidence that the plaintiff was contractually obliged to continue the work after the defendant moved. The need for an office no longer existed after the defendant moved. The plaintiff seeks to have the defendant absorb 50% of the cost CT Page 7635 of the remodeling. The court finds that the plaintiff received the entire benefit of the work. It is not necessary to determine if the work enhanced the fair market value of the property since the plaintiff received all the benefit if any and the defendant received no benefit.
The plaintiff asserts that another cause of the marriage breakdown is the defendant's failure to tell her before the marriage that he had $100,000 of credit card debt. The plaintiff never asked and the defendant never volunteered. In April 1999 the plaintiff, who is a real estate broker with 18 years experience, obtained defendant's credit report from Preferred Mortgage Co. She didn't acknowledge familiarity with the mortgage application given Greenwich Bank Trust Company while she was on the witness stand, (plaintiff's Exhibit #2.) The court finds her claim of failure to examine the bank's application which she signed not credible. The defendant has since paid all the credit card debt. The defendant's realization that the plaintiff found it necessary to resort to preferred Mortgage contributed to the marriage breakdown.
Having reviewed the evidence and evaluated the witnesses' credibility in light of the relevant statutory criteria, the relevant statutes and case law the court enters the following decree on the plaintiff's complaint.
 1. Judgment is rendered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried.
2. The plaintiff's birth name Agnew is ordered restored to her.
 3. The plaintiff is ordered to diligently seek a novation releasing the defendant from all further liability for the payment of the equity line of credit. After 60 days or upon mortgage holder's sooner refusal to do so, the plaintiff shall refinance or pay in full the equity line of credit to obtain release of the defendant's further liability. In any event the transaction to obtain the release shall be completed by October 27, 2000.
4. No periodic alimony is awarded to either party.
 5. No allowance to prosecute or to defend is awarded. Each party shall bear their own respective costs of this litigation.
 6. The parties shall, except in #3 supra, retain the assets and be solely responsible for the liabilities listed on their respective financial affidavits.
7. The cross complaint (102) is dismissed as moot.
Counsel for the defendant is directed to prepare the judgment file.
HARRIGAN, J. CT Page 7636